[Cite as *Sugarcreek Twp. v. Beach City*, 2012-Ohio-1756.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SUGARCREEK TOWNSHIP, ET AL. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Relators-Appellants | Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2011CA00174 |
| VILLAGE OF BEACH CITY | |
| Respondent-Appellee | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Stark County Court of
Common Pleas, Case No. 2010-CV-03952


JUDGMENT:       Affirmed


DATE OF JUDGMENT ENTRY:       April 16, 2012


APPEARANCES:


For Relators-Appellants       For Respondent-Appellee


ERIC J. WILLIAMS       JAMES F. MATHEWS
RANDALL M. TRAUB       Baker, Dublikar, Beck, Wiley & Mathews
Pelini, Campbell, Williams & Traub LLC       400 South Main Street
8040 Cleveland Avenue N.W. – Suite 400       North Canton, Ohio 44720
North Canton, Ohio 44720

*Hoffman, J.*

{¶1} Relators-appellants Sugarcreek Township, et al. appeal the July 5, 2011 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of respondent-appellee Village of Beach City ("Beach City").

STATEMENT OF THE CASE AND FACTS

{¶2} On October 27, 2010, Appellants Sugarcreek Township, James E. Baltzly, Bruce and Jean Baltzly, Ian and Lisa Arth, and Joyce Stanforth filed a Complaint in the Stark County Court of Common Pleas, naming Beach City as defendant-respondent. Appellants sought a permanent injunction requiring Beach City to continue to provide water services to their homes. Appellants Baltzly, Arth, and Stanforth are residents of Sugarcreek Township, and each had received notice from Beach City that, unless they consented to the annexation of their respective properties to Beach City, their municipal water service would be discontinued. Appellants received the notice pursuant to Ordinance No. 09-06 ("the Ordinance") passed by Village Council.

{¶3} Beach City filed a timely answer and counterclaim on November 18, 2010. Through its counterclaim, Beach City sought declaratory judgment that the Ordinance be declared a lawful exercise of Beach City's authority to regulate the sale, extension, and distribution of utility services to extraterritorial users.

{¶4} Following the exchange of discovery, the parties filed respective cross-motions for summary judgment.

{¶5} Beach City adopted Ordinance No. 09-06 on September 23, 2009. The Ordinance required any utility customer outside of the Village of Beach City Corporation limits to execute an agreement to annex their property to Beach City in order to continue

as a utility customer. The refusal or failure to consent to an annexation agreement could result in the termination of service for that customer and disconnection from Beach City utilities. Beach City provided Appellants with notice their continued supply of water would be terminated for the failure or refusal to sign an annexation agreement. Notices were sent to Appellants on September 23, 2009, September 7, 2010, and September 27, 2010.

{¶6} Via Judgment Entry filed July 5, 2011, the trial court granted Beach City's motion for summary judgment and denied Appellants' cross-motion for summary judgment.

{¶7} It is from this judgment entry Appellants appeal, raising the following assignments of error:

{¶8} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT APPELLANTS ARE NOT ENTITLED TO CONTINUED WATER SERVICE.

{¶9} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT THE VILLAGE COULD TERMINATE THE WATER AGREEMENT.

{¶10} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW IN RULING THAT A CONTRACT DID NOT EXIST."

I, II, III

{¶11} Because Appellants' assignments of error are interrelated, we shall address said assignments of error together.

{¶12} We begin with Appellants' assertion the Ordinance is not a valid exercise of Beach City's police power. Appellants contend the Ordinance is unreasonable,

arbitrary and capricious and does not bear a rational relationship to the health, safety, and welfare of its citizens.

{¶13} The record demonstrates Village Council enacted the Ordinance to enhance Beach City's tax base, enable Beach City to better provide public services in a cost-effective manner, and to ensure the future growth and economic development of Beach City. In *Bakies v. City of Perrysburgh*, 108 Ohio St.3d 361, 2006-Ohio-1190, the Ohio Supreme Court held "ordinances requiring extraterritorial customers to agree to annexation in exchange for continuation of services are a valid exercise of the police power of a municipality, that such a requirement is not unreasonable, arbitrary, or capricious, and that it bears a rational relationship to the health, safety, and welfare of the municipality's citizens." *Id.* at para 33.

{¶14} The other issues asserted by Appellants also were addressed by the *Bakies* Court. Therein, the Ohio Supreme Court was called upon to determine "whether a municipality may, through **either** a written agreement **or** by ordinance, require extraterritorial water and sewer customers to annex their property to the municipality or face termination of their utility service." *Id.* at para 1 (Emphasis added).

{¶15} The *Bakies* Court concluded a municipality which has historically provided water and sewer service for extraterritorial customers can require annexation of the extraterritorial property as a condition of continued service to those customers. *Id.* at para 17-20. "Municipally owned public utilities have no duty to sell their products, including water, to extraterritorial purchasers absent a contractual obligation. (Citations omitted). * * * a municipality does not assume a duty to continue supplying water in perpetuity to extraterritorial customers merely by virtue of having once agreed to supply

it. * * * The municipality has the sole authority to decide whether to sell its water to extraterritorial purchasers. (Citation omitted)." *Id*. at para 20.

{¶16} We find Beach City has no duty to continue to supply water to extraterritorial property owners, Appellants herein, absent a contractual obligation. Appellants maintain as successors in interest of property owners who financially assisted in the building of the waterline at issue, they have a contract with Beach City for the continued supply of water pursuant to the Waterline Agreement dated March 19, 1979. The trial court found the Waterline Agreement, by its terms, did not provide for the indefinite, continued water service from Beach City to the extraterritorial property owners. The trial court added, even if Appellants were successors to the original Waterline Agreement, such agreement was limited to a period of 25 years; therefore, had terminated as a result of the passage of time.

{¶17} Assuming, arguendo, the trial court erred in finding Appellants were not parties to the Waterline Agreement, such finding is harmless. "***Even where there is a contract, but the contract provides no termination date, either party to the agreement may terminate it upon reasonable notice***. (Citation omitted)." *Id*. at para. 20 (Emphasis added). Beach City provided Appellants with reasonable notice their continued supply of water would be terminated if they failed or refused to sign the annexation agreements. Beach City enacted the Ordinance on September 23, 2009. Notices advising of such were sent to Appellants on September 23, 2009, September 7, 2010, and September 27, 2010. We find such notice to be reasonable. As such, we hold Beach City may terminate Appellants' water supply.

{¶18} Based upon the foregoing, we find Appellants' first, second, and third assignments are not well taken and overrule the same.

{¶19} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


SUGARCREEK TOWNSHIP, ET AL.          :
                                     :
        Relators-Appellants          :
                                     :
-vs-                                 :              JUDGMENT ENTRY
                                     :
VILLAGE OF BEACH CITY                :
                                     :
        Respondent-Appellee          :              Case No. 2011CA00174


        For the reasons stated in our accompanying Opinion, the judgment of the Stark

County Court of Common Pleas is affirmed.  Costs to Appellants.



                                    s/ William B. Hoffman_____
                                    HON. WILLIAM B. HOFFMAN


                                    s/ W. Scott Gwin_____
                                    HON. W. SCOTT GWIN


                                    s/ Julie A. Edwards_____
                                    HON. JULIE A. EDWARDS